**UNITED STATES of America,
Appellee,**

v.

**George CRUTCHER, Hampton C. Hazel,
also known as Robert Jones, and
John Payne, Appellants.**

**No. 497, Docket 31223.**

United States Court of Appeals
Second Circuit.

Argued June 20, 1968.

Decided Sept. 12, 1968.

Certiorari Denied March 10, 1969.
See 89 S.Ct. 1018.

---

See also D.C., 287 F.Supp. 356.

Before MOORE and FRIENDLY, Circuit Judges, and BRYAN,* District Judge.

MOORE, Circuit Judge:

On the morning of August 9, 1966, a truckdriver pulled off the Connecticut turnpike into a rest area in Westport, Connecticut. As he left the cab of his truck, he was assaulted by three men who left him bound and gagged in the rest area. He freed himself after 20–25 minutes and called the police. Wallace Minniefield and John Davis, Jr., accomplices of the defendants, drove off in the truck, but were arrested when they stopped at a toll station in New Rochelle, New York. The other hijackers, defendants herein, were ultimately arrested in New Jersey.

A four-count indictment was handed down, charging the appellants and Minniefield and Davis with transporting a stolen motor vehicle in interstate commerce, knowing it to have been stolen (18 U.S.C. § 2312) ; interstate transportation of stolen goods having a value in excess of $5,000, knowing the same to have been stolen (18 U.S.C. § 2314) ; theft of goods exceeding $100 in interstate commerce (18 U.S.C. § 659) and conspiracy to transport a stolen motor vehicle in interstate commerce, knowing it to have been stolen (18 U.S.C. §§ 371, 2312). Minniefield and Davis pleaded guilty to the conspiracy charge and subsequently testified for the government.

At the trial the truckdriver identified Crutcher as one of his assailants and Minniefield and Davis corroborated his statement. Minniefield and Davis identified the other hijackers as Payne and Hazel and testified concerning the events leading up to the theft of the truck. The defense was alibi. The defendants appeal from a judgment of conviction entered upon a jury verdict finding them guilty on all counts.

Frederick W. Danforth, Jr., and Arthur B. LaFrance, New Haven, Conn., for appellants.

John Cassidento, Asst. U. S. Atty., New Haven, Conn. (Jon O. Newman, U. S. Atty., for the District of Connecticut, Hartford, Conn., of counsel), for appellee.

I.

Payne argues on appeal that his constitutional and statutory rights were vio-

* Of the Southern District of New York, sitting by designation.

lated when the jury was impanelled in his absence and that his trial and conviction are therefore defective. The trial was scheduled to begin Wednesday, February 15, 1967, in the Connecticut District Court in New Haven. On Monday morning February 13th, Payne was arrested by State authorities, to whom he gave a fictitious name, in Jersey City, New Jersey, on charges unrelated to this proceeding. On Wednesday morning the United States Attorney's Office in New Haven was notified of Payne's arrest but an attempt to have him brought to New Haven that day was not successful. The following colloquy took place Wednesday between the court and Mr. Ramsey, the attorney who represented the defendant at trial:

The Court: And Mr. Ramsey—

Mr. Ramsey: Yes, your Honor. I have been requested by Mr. Saunders to represent Mr. Payne, who is not present in court this morning.

The Court: I understand there is a problem there. Now ordinarily, Mr. Ramsey, I would entertain an application for a continuance. I think you know from prior experience in this court I will lean over backward to accommodate counsel, whether court-appointed or otherwise.

Mr. Ramsey: Yes, your Honor.

The Court: But under all the circumstances of *this* case, and particularly of Mr. Payne, I do feel it necessary to go forward with the impanelling of the jury.

And I might say, just to be quite candid about it and to perhaps set you at ease about the matter, that I will direct the impanelling of the jury despite Mr. Payne's absence. I would hope, however, that it might be possible for you to proceed even in Mr. Payne's absence, with the impanelling of the jury, and participate, exercise challenges, etc.

* * * * * *

Mr. Ramsey: We have agreed, your Honor, on the impanelling of the jury without Mr. Payne. We don't think this would prejudice his case." (Transcript at 3–4)

Payne was brought to New Haven prior to the first day of trial on Thursday, and the record shows no objection by him or through his counsel to the fact that the jurors were impanelled in his absence. However, there is also no indication that Payne was advised of, or waived, his right to be present.

■ Article III, § 2 of the Federal Constitution and the Sixth Amendment thereto give the defendant in a criminal case the right to a public jury trial, and it is an elementary principle of due process that a defendant must be allowed to be present at his own trial.[1] In addition, Rule 43 of the Federal Rules of Criminal Procedure provides in pertinent part:

"The defendant shall be present at the arraignment, at every stage of the trial *including the impaneling of the jury* and at the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules." (Emphasis added.)

Rule 43 is derived in part from two early Supreme Court cases, Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892) and Hopt v. People of Territory of Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884) (cited and discussed in *Lewis*). 18 Moore, Federal Practice § 43.01[2] (1968). In *Hopt* the Court held that in a felony case the trial of challenges to proposed jurors by "triers" appointed by the court must be carried out in the presence of the accused. The failure to have the challenges tried in his presence was reversible error even in the absence of an objection. In *Lewis* the Court reversed the conviction of a defendant who had not seen the jurors until after the challenges had been made and the jurors selected, holding that the

---

1. Schwab v. Berggren, 143 U.S. 442, 448–449, 12 S.Ct. 525, 36 L.Ed. 218 (1892); Hopt v. People of Territory of Utah, 110 U.S. 574, 579, 4 S.Ct. 202, 28 L.Ed. 262 (1884); Near v. Cunningham, 313 F.2d 929 (4th Cir. 1963).

"making of challenges was an essential part of the trial, and that it was one of the substantial rights of the prisoner to be brought face to face with the jurors at the time when the challenges were made." 146 U.S. at 376, 13 S.Ct. at 138. The Court also stated:

"A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner. While this rule has at times, and in the cases of misdemeanors, been somewhat relaxed, yet in felonies it is not in the power of the prisoner, either by himself or his counsel, to waive the right to be personally present during the trial."

■■■■ However, despite the language in *Lewis* as to waiver, the right to be present at one's trial is a personal right that may be waived by a defendant. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); Parker v. United States, 184 F.2d 488 (4th Cir. 1950). Since there is no dispute that the mandates of Rule 43 have not been complied with in this case, the issue is whether Payne or his counsel have made an effective waiver. The government asserts that Payne made a voluntary waiver when he gave a false name to the New Jersey authorities. The basis for this contention is that if he had stated his correct name he "would have in all probability been brought up with appellant Hazel who was arrested by New Jersey authorities on the same day." (Appellee's Brief at p. 8.) There is no factual basis for this qualified assertion in the record, and even if it were true, the giving of a false name, under the circumstances, could hardly constitute either a knowing or a voluntary waiver. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357 (1938); Evans v. United States, 284 F.2d 393 (6th Cir. 1960). Indeed, there is authority for the proposition that a defendant in custody does not have the power to waive his right to be present. See Diaz v. United States, 223 U.S. at 455, 32 S.Ct. 250 (dictum); Cross v. United States, 117 U.S.App.D.C. 56, 325 F.2d 629 (1963); Evans v. United States, supra; 8 Moore, Federal Practice § 43.02[2] (1968).

■■■■ The government also argues that Payne's counsel waived Payne's right to be present during the jury selection process by the statement quoted above. The exact status of Mr. Ramsey at the time of impanelling is unclear from the record before us. It appears that Mr. Saunders, who represented Payne in New Jersey, requested Mr. Ramsey to represent Payne in New Haven and that Mr. Ramsey was later appointed by the court under the Criminal Justice Act, 18 U.S.C. § 3006A, due to Payne's lack of funds. But there is no indication that Payne had talked to, or retained, Mr. Ramsey prior to the actual trial or whether he had authorized Mr. Saunders to retain Mr. Ramsey or other counsel. Mr. Ramsey's competence to waive Payne's right to be present at the impanelling of the jury is, therefore, subject to doubt. However, even assuming he did have authority to act as Payne's counsel, he would not have the ability to bind Payne to a decision of this type without obtaining Payne's consent. Evans v. United States, supra.

■■■■ The government contends that even if Payne or his counsel had not made an effective waiver prior to trial, Payne's failure to object to the jury panel when he did appear on the 16th and his silence thereafter operates as a waiver. However, there is nothing in the record from which we can infer that Payne was advised of his rights under Rule 43 and that he knowingly and voluntarily agreed to proceed with the jury that had been impanelled. Compare Echert v. United States, 188 F.2d 336 (8th Cir. 1961). On the other hand, if Payne's counsel did discuss this point with him and he agreed to proceed with the jury that had been selected, waiver may be found. Compare Parker v. United States, 184 F.2d 488 (4th Cir. 1954) where five witnesses testified in defendant's absence and waiver was found from the fact that the defendant read the transcript of their testimony

and from the lack of an objection or a request that they be recalled. Therefore we hold that a remand will be necessary as to Payne to determine the question of understanding waiver. Although similar situations probably will arise infrequently, we suggest that the preferred practice would be for the court to advise the defendant of his rights under Rule 43 and, if the defendant so desires, obtain an intelligent and knowing waiver on the record. Cross v. United States, supra; Echert v. United States, supra.

 Finally, the government argues that a remand is unnecessary because the noncompliance with Rule 43 in this case was harmless error. Chapman v. United States, 386 U.S. 18, 21, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). However, the Court in *Chapman* also noted that some of "our prior cases have indicated that there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." (p–23) A defendant's right to be present while the jury is selected would appear to be such a right. It is true that as a general rule a violation of Rule 43 does not require reversal if the record affirmatively indicates beyond a reasonable doubt that the error did not affect the verdict [2] but the cases supporting the rule involve communications in the absence of the defendant between the court and the jury after deliberations had begun. In contrast, there is no way to assess the extent of the prejudice, if any, a defendant might suffer by not being able to advise his attorney during the impanelling of the jury. While Mr. Ramsey was from New Haven and, therefore, might be more familiar with Connecticut jurors than Payne who was from New Jersey, we can only speculate as to what suggestions Payne might or might not have made, since it would be his prerogative

to challenge a juror simply on the basis of the " 'sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks and gestures of another.' " Lewis v. United States, 146 U.S. at 376, 13 S.Ct. at 138. Thus, even if the harmless error principle applies generally to departures from the mandates of Rule 43, the government has not been able to convince us that Payne might not have been prejudiced by being absent.

Therefore, unless the Trial Court determines after a hearing on remand, in accordance with this opinion, that Payne has made a knowing waiver of his right to be present during the impanelling of the jury, a new trial must be granted as to him.

## II.

 Payne asserts that he was denied the effective assistance of counsel because his attorney, Mr. Ramsey, had less than one hour to consult with him before trial commenced. Cf. Fields v. Peyton, 375 F.2d 624 (4th Cir. 1967). However, Mr. Ramsey did not ask for a continuance nor did he make an application for the recall of any of the witnesses called by the government earlier in the trial. Mr. Ramsey was not Payne's first attorney; he was apparently his fourth. It does not appear that Mr. Ramsey and the defendant were in any way prejudiced in their defense by this circumstance but if there be any facts justifying such a claim, an adequate opportunity to develop them will be afforded on the remand herein ordered.

## III.

 Appellant Crutcher argues that he was denied the effective assistance of counsel by being ordered, as were all other witnesses, not to talk to counsel during a trial recess. This rule applied

---

**2.** See Ware v. United States, 376 F.2d 717 (7th Cir. 1967); Walker v. United States, 116 U.S.App.D.C. 221, 322 F.2d 434 (1963), cert. denied, 375 U.S. 976, 84 S.Ct. 494, 11 L.Ed.2d 421 (1964); Jones v. United States, 299 F.2d 661 (10th Cir.), cert. denied, 371 U.S. 864, 83 S.Ct. 123, 9 L.Ed.2d 101 (1962); United States v. Compagna, 146 F.2d 524 (2d Cir. 1944), cert. denied, 324 U.S. 867, 65 S.Ct. 912, 89 L.Ed. 1422 (1945); but see Cross v. United States, 117 U.S.App.D.C. 56, 325 F.2d 629 (1963) (no prejudice need be shown).

to Crutcher during a recess that interrupted his cross-examination. Furthermore, the judge was not told that there was anything Crutcher and his counsel needed to discuss; indeed no objection was made by Crutcher or his counsel to the procedure.

### IV.

 Crutcher also argues that under the exclusionary rule of McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943), the Trial Court erred when it allowed into evidence a statement given by him to an FBI agent after he had been arrested. See also Federal Rule of Criminal Procedure 5(a) (requiring arraignment "without unnecessary delay"). Crutcher was questioned for approximately 18 minutes after he had been booked and fingerprinted at headquarters. We recently held a similar "delay" of 29 minutes was not violative of Rule 5(a) and we adhere to that decision. United States v. Braverman, 376 F.2d 249 (2d Cir.), cert. denied, 389 U.S. 885, 88 S.Ct. 155, 19 L.Ed.2d 182 (1967). See also 18 U.S.C. § 3501(c) added by the Omnibus Safe Streets and Control Act of 1968 (a confession is not to be excluded solely because of delay in bringing a person before a magistrate if the confession was made within six hours).

### V.

All appellants argue that the Trial Court committed reversible error by ruling that the defense was entitled only to ten peremptory challenges which were to be divided up among the defendants and exercised jointly,[3] since their constitutional right to trial by jury was thereby infringed. However, as appellants concede, Federal Rule of Criminal Procedure 24(b) specifically limits to 10 the number of peremptory challenges to which joint defendants are entitled and the predecessor of that Rule has been declared to be within Congress' constitutional powers in Stilson v. United States, 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154 (1919) and Schaefer v. United States, 251 U.S. 466, 40 S.Ct. 259, 64 L.Ed. 360 (1920).

### VI.

Appellants argue that the District Court should have turned over the presentence report to the defendants and their counsel prior to sentencing. Federal Rule of Criminal Procedure 32(c) provides that the court may, in its discretion, disclose the contents of a presentence report to defense counsel, but it is clear that there is no duty to do so. United States v. Fischer, 381 F.2d 509 (2d Cir. 1967).

We have examined appellants' other points, including the argument that there was insufficient evidence of guilt, and we find them to be without merit.

We express our thanks to Frederick W. Danforth, Jr., Esq., and Arthur B. LaFrance, Esq., for their thorough brief and able argument on this appeal.

---

3. In fact, the Trial Court granted the defendant 11 peremptory challenges and the government 7, or one extra challenge for each side.