UNITED STATES of America,
Appellee,

v.

Delmar Earl CHRISCO, Appellant.

UNITED STATES of America,
Appellee,

v.

Lewis HOWELL, Appellant.

Nos. 73-1101, 73-1145.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1973.

Decided Nov. 20, 1973.

Robert H. Garfield, St. Louis, Mo., for appellant Howell.

Thomas C. Palmer, St. Louis, Mo., for appellant Chrisco.

Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON and BRIGHT, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

ORDER OF REMAND

We considered this appeal at the September term of this court. Among other things, appellant Delmar Earl Chrisco contends that he was denied due process of law by being removed from the courtroom during a portion of the process of impaneling jurors in violation of F.R.Crim.P. 43, specifically during the time that his counsel exercised peremptory challenges. Appellant Lewis Howell makes the same contention in his reply brief. Unobjected to at time of trial, this procedure is raised now as plain error under F.R.Crim.P. 52(b), and presents a serious constitutional challenge to the conduct of the trial. *See* Pointer v. United States, 151 U.S. 396, 408, 14 S.Ct. 410, 38 L.Ed. 208 (1894); Lewis v. United States, 146 U.S. 370, 376, 13 S.Ct. 136, 36 L.Ed. 1011 (1892); Hopt v. People of the Territory of Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884); United States v. Crutcher, 405 F.2d 239, 242–243 (2d Cir. 1968), cert. denied, 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219 (1969).

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

The transcript is void of details concerning the selection of the jury, reciting only parenthetically, "Whereupon the Jury Panel was called into the courtroom and was duly sworn."

Appellants have submitted affidavits reciting that peremptory strikes were taken in their absence over a noon recess and that, upon reconvening, the jury had already been impaneled. At oral argument, counsel for the government on appeal, who did not serve as trial counsel, conceded that the practice has been followed on some occasions in the United States District Court for the Eastern District of Missouri of permitting defense counsel to exercise peremptory strikes in the absence of prisoner-defendants. However, no proper record of the proceedings has been presented to us.

■ We might be justified in disregarding a contention on appeal not shown by the record except that counsel for Chrisco on appeal additionally pleads inexperience in the handling of criminal cases. He notes that he as well as the attorney who handled Chrisco's trial under court appointment actually do not engage in the private practice of law but rather the former is corporate counsel and the latter sales manager for a St. Louis company, and that each possessed little or no experience as trial lawyers. Each appellant has been sentenced to 25 years of imprisonment on account of the convictions.

Under all these circumstances, we believe it appropriate to permit appellants an opportunity to obtain an adequate record on which to present all issues on appeal.

Accordingly, on the court's own motion, we remand this case to the trial court for preparation of an appropriate record of the proceedings in the impaneling of the jury, including a showing of whether appellants were present in court during the exercise of their peremptory challenge by counsel. Additionally, since the government on oral argument suggests that the doctrine of waiver may bar this claim by appellants, the record should include any circumstances, not presently disclosed in the transcript, bearing on the issue of whether there was a knowing and voluntary waiver of their right to be present at the peremptory challenge stage. *See* United States v. Crutcher, 405 F.2d 239, 242–243 (2d Cir. 1968), cert. denied, 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219 (1969). The supplementary record should be prepared and settled in accordance with the provisions of F.R.A.P. Rule 10(c), (d), or (e), as may be applicable on remand.

Following preparation of the supplementary record, upon request of either party, the trial court should make its findings as to whether defendants were in fact present during the entire impaneling of the jury, including their exercise of peremptory strikes, and should also determine, if necessary, any claim of waiver made by the prosecution.

We request that the supplementary record be prepared promptly and that such record and the record of additional proceedings in the trial court as authorized by this order be promptly returned to this court. We retain jurisdiction except for this limited remand.