**UNITED STATES of America, Appellee,**

v.

**William HERNANDEZ,
Defendant–Appellant.**

**No. 449, Docket 88–1155.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 22, 1988.

Decided April 7, 1989.

Frederick H. Block, New York City, for
defendant-appellant.

Elliot R. Peters, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty. for S.D.N.Y., Celia Goldwag Barenholtz, Asst. U.S. Atty., New York City, of counsel), for appellee.

PIERCE, Circuit Judge:

Appellant Hernandez appeals from a judgment of the United States District Court for the Southern District of New York (Judge John M. Cannella), convicting him after a jury trial of conspiracy to possess with intent to distribute in excess of 500 grams of cocaine. On the day that appellant's trial was to begin, though his counsel and co-defendants (aside from one, who had fled the jurisdiction) were present, appellant was not present in court. The trial was adjourned until the following day. The next morning, although appellant still had not appeared, the district judge denied a motion by appellant's counsel for severance and proceeded with jury selection. Immediately after the jury was sworn, the district court received word that appellant had been arrested, and so trial was again adjourned. The following day, appellant appeared in court. Although Hernandez's counsel undertook to explain appellant's earlier absence, the district court declined to grant appellant's motion for a severance and a mistrial. On appeal, Hernandez claims that the court erred by beginning the trial in his absence, and that it also erred, upon appellant's appearance, by refusing to grant him a severance and a mistrial.

For the reasons stated below, we conclude that the district judge properly exercised his discretion in initially going forward with jury selection despite appellant's absence. However, we also conclude that the judge, upon appellant's subsequent appearance in court, failed to explore sufficiently whether appellant's earlier absence during the selection of the jury was, in fact, knowing and voluntary.

## BACKGROUND

During the evening of September 3, 1987, appellant and three other men—Daniel Paula, Miguel Garcia, and Edwin Arce—

were arrested after allegedly offering to sell a kilogram of cocaine to a police informant in a restaurant on Manhattan's Upper West Side. The four men were indicted on two counts, (1) for conspiracy to possess with intent to distribute approximately one kilogram of cocaine, and (2) for possession of such cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846, 812, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.

Before trial, appellant was released on a personal recognizance bond, secured by $10,000 in cash. He appeared with his trial counsel at several pretrial conferences, including one held on October 1, 1987, at which November 16, 1987 was set as the trial date. In a subsequent telephone discussion with the government's attorney—a discussion in which appellant apparently did not take part—his counsel agreed to adjourn the trial until November 23. At a pretrial conference on November 18, defense counsel waived appellant's right to appear at that conference, and announced that Hernandez would be ready for trial on Monday, November 23, 1987.

Hernandez did not appear for trial on November 23. During the district judge's colloquy with appellant's counsel, it became apparent that, though counsel had been in contact with appellant's wife and had sent him letters informing him of the trial date, counsel had not been in direct contact with him during the days immediately preceding trial. The court issued a bench warrant for appellant's arrest, adjourned the trial until the following day, and told the government and defense counsel to be ready to present arguments regarding the government's application to try appellant *in absentia.*

On the morning of November 24, appellant again did not appear in court. Defense counsel stated that he had not been able to contact Hernandez. The court then announced that it would grant the government's motion to try him *in absentia,* and noted that a memorandum reflecting that decision would be filed. Defense counsel placed his arguments against granting the government's request on the record. Judge Cannella granted the government's application for trial of appellant *in absen-*

*tia,* and defense counsel's application for a severance was denied.

The jury was then impaneled. After the jury was sworn, the court received word that appellant had been arrested by United States Marshals in Camden, New Jersey. The record indicates that appellant had been arrested the day before, on November 23, 1987. After informing counsel that appellant had been apprehended, the court adjourned the trial until the following day, Wednesday, November 25.

On November 25, when the trial resumed, appellant was present and his counsel moved for a mistrial and a severance. In attempting to explain appellant's earlier absences, counsel stated that "it was the understanding of Mr. Vargas [appellant's pretrial services officer, to whom appellant was required to report in the weeks preceding trial] through my client that the date he was to be in Court was November 27th." The government did not directly rebut this contention. Instead, the government asserted that appellant had failed to report to his pretrial services officer on the previous Monday (November 23, when trial was scheduled to begin), and argued that there was substantial earlier record evidence of appellant's wilful and knowing waiver of his right to be present at trial. This evidence was not identified further by the government.

The court denied appellant's request for a mistrial and severance—despite the relatively short duration of the trial up to that point—and the court indicated that the trial would continue. As the government was about to begin its opening to the jury, however, the trial judge interrupted, and asked if any members of the jury knew the appellant, William Hernandez. There was no response from the jury, and counsel for the government then was permitted to proceed with his opening remarks.

At the conclusion of the trial, the jury returned a verdict of guilty against appellant on the conspiracy count, and acquitted him on the substantive count. A few days later, the district judge filed a Memorandum and Order, setting forth the reasons for his November 24th decision to allow

jury selection to proceed in appellant's absence. At a sentencing hearing held on April 4, 1988, appellant was sentenced to two years' imprisonment and assessed a special fine of $50, and judgment was entered on April 7, 1988.

## DISCUSSION

### I. *The Defendant's Right To Be Present at Trial*

The thrust of appellant's claim on this timely appeal is that he was wrongly denied the opportunity to be present at the impaneling of the jury. As appellant correctly points out, the right of an accused to be present at his own trial is a fundamental right. *See Kentucky v. Stincer,* 482 U.S. 730, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987); *United States v. Crutcher,* 405 F.2d 239, 242 (2d Cir.1968), *cert. denied,* 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219 (1969). "[T]he centuries-old right granted to an accused to be present ... at a federal criminal trial may not be denied without violating the accused's Fifth and Sixth Amendment rights." *United States v. Bifield,* 702 F.2d 342, 349 (2d Cir.), *cert. denied,* 461 U.S. 931, 103 S.Ct. 2095, 77 L.Ed.2d 304 (1983). A defendant's right to be present at his own trial has been codified in Rule 43 of the Federal Rules of Criminal Procedure, which requires that a defendant be present at critical steps in the criminal proceedings against him "including the impaneling of the jury." *See United States v. Gordon,* 829 F.2d 119, 123 (D.C.Cir.1987); *United States v. Taylor,* 562 F.2d 1345, 1360 (2d Cir.), *cert. denied,* 432 U.S. 909, 97 S.Ct. 2958, 53 L.Ed.2d 1083, 434 U.S. 853, 98 S.Ct. 170, 54 L.Ed.2d 124 (1977); *United States v. Pastor,* 557 F.2d 930, 933 (2d Cir.1977); *Crutcher,* 405 F.2d at 242.

The right to be present at one's trial is, however, subject to waiver. A defendant can waive that right expressly, or can do so effectively by failing to appear at trial. *E.g., Taylor v. United States,* 414 U.S. 17, 20, 94 S.Ct. 194, 196, 38 L.Ed.2d 174 (1973); *United States v. Sanchez,* 790 F.2d 245, 249–50 (2d Cir.), *cert. denied,* 479 U.S. 989, 107 S.Ct. 584, 93 L.Ed.2d 587 (1986). As

we stated in *United States v. Tortora,* 464 F.2d 1202 (2d Cir.), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972), "When a defendant has pleaded [not guilty] to the charges against him and knows that the trial of the charges is to begin on a day certain, the trial may start in his absence if he deliberately absents himself without some sound reason for remaining away." *Id.* at 1208.

### II. *The Proceedings Herein*

#### A. *The Court Correctly Proceeded in Appellant's Absence*

█ It appears that the district court correctly applied the *Tortora* factors, *see, e.g., United States v. Fernandez,* 829 F.2d 363, 366 (2d Cir.1987), in deciding to proceed with jury selection on Tuesday, November 24. When that process began on November 24, it seemed clear on the record that the appellant had been "advised when proceedings were to commence," and that he nevertheless "voluntarily, knowingly, and without justification failed to be present" at trial. *Tortora,* 464 F.2d at 1209. Under the circumstances, the district court acted well within its discretion, *see id.* at 1210; *Sanchez,* 790 F.2d at 250; *see also United States v. Beltran–Nunez,* 716 F.2d 287, 290 (5th Cir.1983) (adopting *Tortora* analysis), in deciding to proceed with trial despite appellant's absence.

#### B. *The Failure To Conduct a Record Inquiry*

The situation changed, however, when the court received word, shortly after the jury was impaneled, that the appellant had been apprehended pursuant to execution of the court's bench warrant in Camden, New Jersey. At the outset of proceedings on the next day, when appellant was present, defense counsel offered a plausible, verifiable, and essentially unrebutted explanation for Hernandez's absence on the previous days, to wit, that appellant had not known the correct starting date of his trial. The court nevertheless denied appellant's motion for a mistrial and severance, and proceeded with the trial without making any

further inquiry into the proffered explanation.

By failing to conduct a further inquiry, the court left unexplored serious questions as to whether the appellant's absence was knowing and voluntary. The government argues that any error on the part of the district court was harmless. However, we have consistently held that the absence of the accused during the impaneling of a jury at his trial raises substantial constitutional concerns. In *Crutcher*, this court indicated that the absence of a defendant during the impaneling of the jury—if not knowing and voluntary—may be an error that " 'can never be treated as harmless error.' " 405 F.2d at 244 (citation omitted). A number of courts, both within and without this Circuit, have since wrestled with whether *Crutcher* should be read to mean that the absence of a defendant during voir dire of the jury is, if not knowing and voluntary, *per se* reversible error. *See Gordon*, 829 F.2d at 127 (D.C.Cir.) (*Crutcher* read to mean that defendant's absence was *per se* a reversible error); *United States v. Alessandrello*, 637 F.2d 131, 139 & n. 12 (3d Cir.1980) (distinguishing *Crutcher*), *cert. denied*, 451 U.S. 949, 101 S.Ct. 2031, 68 L.Ed.2d 334 (1981); *United States v. Toliver*, 541 F.2d 958, 964 (2d Cir.1976) (*Crutcher* might create *per se* rule); *United States v. Dioguardi*, 428 F.2d 1033, 1039 (2d Cir.) (not improper to hold part of voir dire outside defendants' hearing; defendants did not object), *cert. denied*, 400 U.S. 825, 91 S.Ct. 50, 27 L.Ed.2d 54 (1970); *see also* 3A C. Wright, *Federal Practice and Procedure* § 721, at 7 n. 9 (1982).

■ We need not, however, reach the question of whether the court's error herein was harmless or was *per se* reversible error, for the record is insufficient to determine whether the appellant knowingly and voluntarily absented himself from the proceedings, without a sound excuse. *See Crutcher*, 405 F.2d at 243–44; *Cureton v. United States*, 396 F.2d 671, 676 (D.C.Cir. 1968); *cf. Gaither v. United States*, 413 F.2d 1061, 1080–81 (D.C.Cir.1969). Appellant properly registered an objection herein, *cf. United States v. Gagnon*, 470 U.S.

522, 528–29, 105 S.Ct. 1482, 1485–86, 84 L.Ed.2d 486 (1985), and it was incumbent upon the trial court to conduct the requisite inquiry into the circumstances of his absence. We must, therefore, remand for further fact-finding by the district court.

### C. *The Record Inquiry on Remand*

On remand, the district court should make a "record inquiry to attempt to ascertain the explanation for the absence of the accused," *Beltran–Nunez*, 716 F.2d at 291, and give the accused an opportunity to explain his absence, *see Finney v. Rothgerber*, 751 F.2d 858, 862–63 (6th Cir.), *cert. denied*, 471 U.S. 1020, 105 S.Ct. 2048, 85 L.Ed.2d 310 (1985).

Clearly, the appellant has chosen not to expressly waive his right to be present at the missed proceedings. Consequently, the court must determine whether the appellant's absence during the jury selection proceedings was knowing and voluntary, and without sound excuse; if it was, the appellant will in effect have waived his right to be present at that part of the proceedings. *See, e.g., Taylor*, 414 U.S. at 19–20 & n. 3, 94 S.Ct. at 195–96 & n. 3 (quoting *Cureton*, 396 F.2d at 676).

Though the accused may urge that his absence was not knowing or voluntary, or was due to a sound reason, the trial court need not "accept at face value a defendant's claim of inability to appear in court." *Pastor*, 557 F.2d at 934. Nor need a trial court even embark on such an inquiry if the accused's "own explanation of his absence supports the conclusion that he did not make any reasonable attempt to render himself available for trial." *United States v. Partlow*, 428 F.2d 814, 816 (2d Cir.1970). Here, however, there is evidence which, if believed, could reveal that appellant did not knowingly absent himself during the subject proceedings; and his pretrial services officer may testify that his conversation with Hernandez contributed to appellant's lack of knowledge as to the correct trial date. Since the appellant has thus alleged "significant, new factual matters that [could be] developed" at an evidentiary hearing, *see United States v. Tzakis*, 736

F.2d 867, 872 (2d Cir.1984), the district court should permit appellant to develop a record concerning these matters.

At such an inquiry, "the [appellant] bears the burden of justifying his absence." *Sanchez*, 790 F.2d at 249. Though the government bears the burden of "showing that the defendant knew ... that the trial ... was going on," Fed.R. Crim.P. 43 advisory committee notes, "under the circumstances here appellant has the burden of going forward and offering evidence to refute" the earlier finding that his absence was knowing and voluntary, *see United States v. Marotta*, 518 F.2d 681, 684 (9th Cir.1975).

In determining whether the appellant's absence was knowing, voluntary, and without sound excuse, the district court should weigh (among other factors) the circumstances surrounding appellant's arrest by U.S. Marshals in Camden, New Jersey and his appearance thereafter in the district court, the credibility of any witnesses, and any other relevant absences by the appellant during the course of trial. *See Gaither*, 413 F.2d at 1080–81. The fact that appellant was apparently apprehended outside the geographical bounds set by his bail conditions—in Camden, New Jersey— would be probative, although not necessarily determinative, of appellant's knowledge and wilfulness in missing the first part of trial. If the district court finds after the requisite inquiry that the appellant's absence was indeed knowing and voluntary, and that appellant lacks a sound reason for his absence, such findings will stand unless clearly erroneous. *See Sanchez*, 790 F.2d at 249; *Pastor*, 557 F.2d at 934.

### CONCLUSION

We recognize that the "absence or delay on the part of a defendant in a multi-defendant trial often poses a vexatious problem for [a] trial judge, who is naturally reluctant to adjourn the trial or grant a severance, either of which courses inevitably leads to delay, expense, and loss of valuable time." *Toliver*, 541 F.2d at 964. However, because the courts must show "utmost solicitude to the defendant's right to be present at each stage of trial," *Pastor*, 557 F.2d at 934, we remand to the district court for the reasons stated above. On remand, the district court should make further record inquiry into the reasons for appellant's absence during the impaneling of the jury. If the district court determines, after a hearing on remand, that the appellant did not knowingly and voluntarily waive his right to be present during the impaneling of the jury, or that he can offer a sound excuse for his absence, his conviction must be set aside and a new trial must be granted to him. If, however, the district court determines that appellant has waived that right, either expressly or effectively, the judgment will remain in effect, subject to such rights of appeal as may then appertain. *See Crutcher*, 405 F.2d at 244; *Cureton*, 396 F.2d at 676.

We have reviewed appellant's other claims, and find them to be without merit.

Remanded for further proceedings not inconsistent with this opinion.