[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant, Stephen Iovanna, has moved to dismiss this violation of probation action because of a claimed transgression of his due process rights. The question is whether Iovanna may be found in violation of probation if he is found to have committed a criminal offense described, but not identified by name, in the arrest warrant and in the underlying criminal file. On June 19, 2002, which was the second day of this violation of probation hearing, the court informed the parties that criminal mischief in the third degree was described by the facts alleged in the warrant. It was the court's interpretation of the law that a set of facts set forth in the violation of probation warrant describing any criminal act would be sufficient notice to a defendant that he is charged with a violation based on that criminal act even if the offense is not identified by name in the warrant or in a separate criminal file.[1] At the invitation of the court, the parties submitted briefs on that legal issue.
 FACTS
On August 22, 2001, Iovanna was sentenced in Meriden on three counts of harassment in the second degree and three counts of breach of the peace. At that time the Hon. Elizabeth Gallagher imposed a sentence of ninety days execution suspended as to each harassment count and six months execution suspended as to each breach of peace count, all to run consecutively. Probation was ordered of one year for each harassment count and two years for each breach of peace count. The total effective sentence was two years and ninety days, execution suspended, two years probation. Special conditions of probation were imposed at the time of sentencing. They were: 1) substance abuse evaluation, testing, treatment; 2) psychiatric evaluation, treatment; 3) no contact with Marian Montano (the victim); and 4) continue with counseling until discharged. CT Page 8968
The arrest warrant for the violation of probation charges Iovanna with violation of the special condition of no contact with Marian Montano. The arrest warrant also recites verbatim a statement by Montano reciting certain events at her home in North Haven on March 10, 2002.
On Monday, March 11, 2002, Montano contacted Iovanna's probation officer and reported that Iovanna entered her property and did damage to an American flag at approximately 2:00 a.m. on Sunday, March 10, 2002. She claimed that Iovanna entered the driveway to Montano's home in North Haven, got out of his car, walked to the front door of the house, and ripped down a large American flag that had been hanging there. In her statement, as it was quoted in the violation of probation arrest warrant, Montano said that Iovanna was required to stay away from her and her property. Montano acknowledged, however, that she was not at home at the time of the incident. Only her nineteen year old son was there to witness the actions of Iovanna. Montano stated that her son was concerned about Iovanna's apparent trespass and attempt to do harm to the flag. The probation officer sought the issuance of an arrest warrant charging a violation of the special court-ordered condition of "no contact with Ms. Montano." The arrest warrant was signed by Judge Heidi G. Winslow on April 8, 2002. A second arrest warrant was signed by Judge Winslow on April 8, 2002, charging Iovanna with criminal trespass in the first degree and disorderly conduct.
The violation of probation hearing commenced June 19, 2002. The state's attorney, Donald Therkildsen, claims that he verbally alerted the defendant's legal counsel, Chris DeMarco, to the filing of a substitute information in the criminal file on June 18 or possibly on the morning of June 19. That substitute information added the charge of criminal mischief in the third degree to the trespass and disorderly conduct counts. DeMarco asserts that he received no such notice from Therkildsen and did not become aware of the substitute information on the criminal file until the morning of the second day of the violation of probation hearing, June 27, 2002.
On June 27, 2002, the court informed both counsel that it seemed possible that the court could find the commission of an offense of criminal mischief in the third degree from the proving of the alleged facts, even though that offense had not been formally charged. Such a finding would be sufficient for a finding of a violation of probation. Therkildsen then stated that a substitute information charging exactly that offense had already been filed in the underlying criminal file. DeMarco expressed surprise and dismay. He asserted that Iovanna had been deprived of his due process rights because of the lack of notice of the precise criminal charges on which the violation of probation was based. CT Page 8969
 DISCUSSION
"At a minimum, due process requirements for revocation of probation include written notice of the claimed violation of probation, disclosure to the probationer of the evidence against him, the opportunity to be heard in person and to present witnesses and documentary evidence, the right to cross-examine adverse witnesses in most instances, a neutral hearing body and a written statement as to the evidence and reasons for probation revocation." State v. Durkin, 23 Conn. App. 642, 647,583 A.2d 1303 (1990).
In the colloquy before the court on June 27, 2002, DeMarco conceded on behalf of Iovanna that he had notice of two bases for the violation of probation charge, namely: 1) violation of the order to have no contact with the victim, and 2) commission of a criminal offense while on probation.[2] He argued, however, that Iovanna had notice of only two criminal charges at the outset of the hearing, namely criminal trespass in the first degree and disorderly conduct. He asserted that lack of notice to Iovanna of the additional criminal mischief charge deprived him of due process.
Iovanna had notice of the facts supporting the claim of criminal conduct on March 10, 2002. Those allegations were set forth in detail in the original arrest warrant for violation of probation and in the warrant on the criminal charges. If proven, those facts incorporate all the elements of criminal mischief in the third degree. If Iovanna should be found to have committed the offense of criminal mischief in the third degree, he did have adequate notice of the possibility of such a finding. Provided that the violation of probation warrant fully describes the incident and facts setting forth criminal acts, a defendant may be found to have violated his probation despite the failure of the state to recite with specificity each of the relevant statutes or offenses. SeeState v. Repetti, 60 Conn. App. 614, 617-18, 760 A.2d 964, cert. denied,255 Conn. 923, 763 A.2d 1041 (2000).
 CONCLUSION
Iovanna has not been deprived of his due process rights to adequate notice. The recitation in the arrest warrant of Iovanna's actions on March 10, 2002, were sufficient to put him on notice that criminal mischief could be considered as an offense in this matter.
The motion to dismiss is denied.
Winslow, J. CT Page 8970