Anthony CARDINAL, Petitioner–Appellee,

v.

John GORCZYK and Jeffrey Amestoy, Respondents–Appellants.

No. 319, Docket 95–2206.

United States Court of Appeals, Second Circuit.

Argued Nov. 1, 1995.

Decided April 3, 1996.

---

The State of Vermont appeals from a judgment of the United States District Court for the District of Vermont, Franklin S. Billings, Jr., *Judge,* granting Cardinal's petition for a writ of habeas corpus and setting aside Cardinal's conviction in the Vermont District Court for sexually assaulting his seventeen-year-old daughter.

Seth Lipschutz, Montpelier, Vermont, Prisoners' Rights Office, for Petitioner-Appellee.

Pamela Hall Johnson, Chittenden County State's Attorney, Burlington, Vermont (Scot L. Kline, Chittenden County State's Attorney, of counsel), for Respondents–Appellants.

Before: LUMBARD, ALTIMARI, and McLAUGHLIN, Circuit Judges.

LUMBARD, Circuit Judge:

On April 28, 1988, after a second trial in the Vermont District Court, a jury convicted Anthony Cardinal of sexually assaulting his seventeen-year-old daughter; the jury in Cardinal's first trial had been unable to return a verdict. The Vermont Supreme Court affirmed his conviction on November 30, 1990. *State v. Cardinal,* 155 Vt. 411, 584 A.2d 1152 (1990). After Cardinal's pro se petition to the Superior Court of Washington County for post-conviction relief was voluntarily dismissed for jurisdictional reasons, appointed counsel filed another petition on March 23, 1993, alleging for the first time that Cardinal's federal and state constitutional rights had been violated because he had been unable to listen to or adequately observe the proceedings of the individual jury voir dire.

On June 7, 1993, the Superior Court issued findings that the State had not demonstrated that Cardinal had waived his Sixth Amendment and state constitutional right to participate in the jury selection. Accordingly, it granted him a new trial. On July 1, 1994, the Vermont Supreme Court reversed, finding that Cardinal had waived his constitutional rights by not informing the trial court of his inability to see or hear the voir dire. *In re Cardinal,* 162 Vt. 418, 649 A.2d 227 (1994).

Cardinal then filed a petition for a writ of habeas corpus in the United States District Court for the District of Vermont on July 12, 1994. Judge Billings referred the case to Magistrate Judge Niedermeier. After a hearing, the magistrate judge recommended that the petition be denied, concluding that under all the circumstances Cardinal's actions constituted an effective waiver of his right to be present. On March 16, 1995, Judge Billings took a different view of the facts and granted Cardinal's petition. He found that Cardinal had asserted his right to be present because he stood up and moved toward the bench during the individual voir dire and that by sitting down without comment he did not subsequently waive that right. *Cardinal v. Gorczyk,* 880 F.Supp. 261, 267 (D.Vt.1995). We reverse.

The Superior Court made the following undisputed findings of fact. Cardinal's second trial began on April 25, 1988. Cardinal was present during the general voir dire of the jurors, which was conducted in open court. The court briefly questioned the prospective jurors about their exposure to pretrial publicity and whether the fact that the petitioner had had a prior trial would affect

their decision. Cardinal had no difficulty observing the venirepersons or listening to their responses.

Prior to the individual voir dire, the trial court stated that the proceeding was about to start and gave a general explanation of the procedure. The individual examination of the jurors took place in the bench area (approximately twenty-five feet from where Cardinal sat) and was kept quiet because of the sensitive nature of the questions asked. As his attorneys approached the bench, Cardinal got out of his chair to accompany them. One of his attorneys instructed him to return to his seat. Cardinal complied and remained seated at counsel's table throughout the individual voir dire. Cardinal's attorneys advised the court that Cardinal would participate in the impanelling of the jury and consulted with him throughout the process.

Cardinal testified before the Superior Court that he had told his attorneys that he was unable to see or hear the individual voir dire because of his distance from the bench and because the participating attorneys blocked his view of the prospective jurors. He also claimed that his attorneys had not advised him of his right to observe the jury selection. Paul Volk, who represented Cardinal at both trials, testified that it was highly likely that he had advised Cardinal of his right to observe and listen to the individual voir dire, at least at his first trial; Cardinal had in fact actively taken part in individual voir dire at his first trial. Volk added that at the second trial Cardinal never told him that he could not see or hear the questioning of the prospective jurors and that he would have immediately informed the court if he had known.

Under the circumstances, we agree with the Vermont Supreme Court that Cardinal waived his Sixth Amendment right to observe the individual voir dire by failing to assert that right. *See United States v. Gagnon,* 470 U.S. 522, 528–29, 105 S.Ct. 1482, 1485–86, 84 L.Ed.2d 486 (1985). Having participated in the individual voir dire at his first trial, Cardinal was aware of his right to see and to hear the voir dire proceedings. *Cf. United States v. Crutcher,* 405 F.2d 239, 243

(2d Cir.1968) (holding that defendant's silence will operate as a waiver of his right to be present at the impanelling of the jury only if he was advised of that right), *cert. denied,* 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219 (1969). He nevertheless chose to comply with his attorney's suggestion and returned to his seat without objection. The trial judge did not purposefully exclude Cardinal from the selection proceedings and had no reason to suppose that Cardinal was unable to see or hear whatever he wanted to see or hear. The judge could reasonably conclude that if Cardinal was being deprived of any right, either he or his counsel would have said so. *See United States v. Washington,* 705 F.2d 489, 497 (D.C.Cir.1983); *see also United States v. Willis,* 759 F.2d 1486, 1500 (11th Cir.), *cert. denied,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985).

On this record, we see no reason for the district court to conclude that Cardinal was deprived of his constitutional right to observe and hear the proceedings. Nor can we see any reason why the district court should credit such a claim, which Cardinal first made months after his conviction and which is unsupported by any other evidence.

We reverse. The judgment of the district court which granted the writ of habeas corpus is vacated.