◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENT CAMERON, Appellant. [678 NYS2d 301] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (LaTorella, J.), rendered October 5, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in not considering reasonable alternatives to closure of the courtroom is unpreserved for appellate review (*see, People v Martinez,* 82 NY2d 436, 444; *People v Suarez,* 245 AD2d 320; *People v Richards,* 235 AD2d 557). In any event, the court was under no obligation to explore other alternatives to closure that were not raised by the defendant (*see, People v Ramos,* 90 NY2d 490, *cert denied sub nom. Ayala v New York,* 522 US 1002).

The defendant's sentence was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Mangano, P. J., Rosenblatt, Ritter and Altman, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DIAZ, Appellant. [678 NYS2d 730] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Hanophy, J.), imposed February 1, 1996, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed.

The defendant validly waived his right to appeal as part of the negotiated plea agreement (*see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). In any event, his contention that the sentence was excessive is without merit (*see, People v Lucas,* 243 AD2d 731; *People v Kazepis,* 101 AD2d 816). Mangano, P. J., Bracken, Copertino, Sullivan and McGinity, JJ., concur.