Gary F. COHEN, Petitioner–Appellant,

v.

Daniel A. SENKOWSKI, Superintendent, Clinton Correctional Facility, Respondent–Appellee.

Docket No. 00–2362.

United States Court of Appeals, Second Circuit.

Argued Dec. 5, 2001.

Decided May 13, 2002.

Joel B. Rudin, New York, NY, for Petitioner.

Michael J. Miller, Assistant District Attorney of Suffolk County, Riverhead, N.Y. (James M. Catterson, Jr., District Attorney, of counsel), for Respondent–Appellee.

Before OAKES, NEWMAN and PARKER, Circuit Judges.

OAKES, Senior Circuit Judge.

Petitioner Gary Cohen was convicted of various sexual abuse charges after a trial

in New York state court. Cohen subsequently petitioned for a writ of habeas corpus, alleging that his federal constitutional right to be present at trial had been violated when some portions of the *voir dire* were conducted without his participation. The United States District Court for the Eastern District of New York, Denis R. Hurley, *Judge,* denied the petition, finding that although Cohen had a constitutional right to be present when jurors were questioned about their exposure to pre-trial publicity, he had waived this right. We agree with the district court and accordingly affirm.

## BACKGROUND

In December 1989, Cohen, a pediatrician, was arrested in Suffolk County, New York, on felony charges of sexual abuse of a patient. In response to the publicity generated by his arrest, seven other patients came forward with similar accounts of abuse. Cohen was later charged by the State with 75 counts of felony sexual offenses. Cohen's case attracted a substantial amount of publicity in the county media.

Jury selection for Cohen's trial in Suffolk County Court began in September 1991. At the outset, Judge Tisch announced in open court that he would initially question the prospective jurors individually in his chambers on, *inter alia,* their "prior knowledge about this case which has been reported in the media." Although Cohen's counsel participated in this questioning, Cohen himself was not present. Of the prospective jurors who were pre-screened in this manner, two who stated that they had prior knowledge of the case due to pretrial publicity were ultimately seated on the jury that convicted Cohen. Later in the jury selection process, Judge Tisch conducted sidebar questioning of three prospective jurors on

bias connected to pretrial publicity and the nature of the charges. One of these jurors, who conceded possible bias, was empaneled as an alternate juror.

Judge Tisch also invited counsel on four occasions to exercise challenges for cause and peremptory challenges in his chambers. Cohen was not present for any of these exercises, but he did have an opportunity to consult with his attorney each time before counsel went into chambers. He was also present in court when the court announced which jurors were excused and which were selected.

On October 16, 1991, the jury convicted Cohen of 27 counts of sexual abuse. He received a 25– to 50–year sentence, which he continues to serve.

Cohen's first attack on his conviction was a motion to vacate the judgment pursuant to N.Y.Crim. Proc. Law § 440.10. He argued that his right to be present at trial under the New York and federal constitutions had been violated when prospective jurors were pre-screened for their prior knowledge of the case, sidebar *voir dire* was conducted, and juror challenges were exercised, all in his absence. Cohen further argued that he had not knowingly waived his right to be present. Judge Tisch denied the motion on procedural grounds, finding that all facts material to Cohen's claim were undisputed and in the record, and that therefore the claim could be raised on direct appeal. *People v. Cohen,* 158 Misc.2d 262, 598 N.Y.S.2d 439, 441 (1993).

Cohen proceeded to file a direct appeal in which he reiterated his claims of state and federal constitutional violations. The Appellate Division, Second Department, affirmed his conviction on state constitutional grounds, but did not directly address Cohen's federal claim that his right to be present at all material stages of his trial had been violated. *See People v.*

*Cohen,* 201 A.D.2d 494, 607 N.Y.S.2d 374 (1994). Cohen's applications for further state appeals were denied. *People v. Cohen,* 83 N.Y.2d 965, 616 N.Y.S.2d 18, 639 N.E.2d 758 (1994); *People v. Cohen,* 84 N.Y.2d 824, 617 N.Y.S.2d 144, 641 N.E.2d 165 (1994).

In April 1997, Cohen filed his petition for a writ of habeas corpus, arguing that his constitutional rights had been violated by his absence from the pre-screening of jurors, from sidebar *voir dire,* and from the exercise of cause and peremptory challenges. Cohen also contended that he did not know he had a constitutional right to be present at these proceedings, and therefore waiver of the right was not possible. The State responded that because Cohen was aware of the proceedings and had failed to object to them, he had impliedly waived the right to be present.

The district court denied Cohen's petition on May 31, 2000, holding that Cohen did have a federal constitutional right to be present at the pre-screening of the prospective jurors, but that he had waived that right. The court also found that Cohen did not have a federal constitutional right to be present at the sidebar conferences or at the exercise of juror challenges in chambers. In so holding, the court applied a *de novo* standard of review to Cohen's claims.

Leave to appeal was granted by this Court on April 3, 2001. The certificate of appealability directed the parties to address the following issues:

(1) whether there has been a state court adjudication of Appellant's federal claims, triggering the application of the standard of review set forth in 28 U.S.C. § 2254(d)(1); and (2) whether, under the applicable standard of review, Appellant is entitled to *habeas* relief on his claim that his right to be present at the material stages of his trial was violated be-

cause he was not present when the trial court prescreened prospective jurors, held sidebar discussions with jurors during *voir dire,* and conducted the exercise of juror challenges.

Cohen appeals on essentially these grounds, with the distinction that he has chosen not to pursue his sidebar conferences claim before this Court.

### DISCUSSION

■ Addressing first the standard of review issue certified in this appeal, we recognize that whether the more deferential standard set forth in 28 U.S.C. § 2254 ("AEDPA") should apply raises a "difficult question," which would involve extensive analysis of the state court decisions in Cohen's case. *See Washington v. Schriver,* 255 F.3d 45, 53 (2d Cir.2001). However, we need not resolve this question because, as in *Washington,* "even reviewing the state court's resolution of [Cohen]'s federal constitutional claim *de novo,* ... we hold that the district court properly denied the petitioner's application for a writ of habeas corpus." *Id.* at 55. In other words, we do not need to decide what level of deference to accord the state court rulings because "nothing turns on it here." *Id.; see also Leka v. Portuondo,* 257 F.3d 89, 97–98 (2d Cir.2001). We therefore decline to rule on the applicability of AEDPA's standard of review to the state court rulings in this case, and instead apply a *de novo* standard for the purposes of argument.

■ We review *de novo* the district court's denial of habeas relief. *Leka,* 257 F.3d at 98; *Washington,* 255 F.3d at 52.

Turning to the merits of Cohen's claims, we are confronted with a two-part inquiry. To determine whether Cohen's constitutional right to be present at all material stages of his trial was violated, we must

examine first whether the court's pre-screening of jurors and the exercise of juror challenges were material stages that triggered the right to be present and then, if so, whether Cohen waived that right. We will address each question in turn.

## I. *The Right to Be Present*

 It is a well-settled principle of constitutional law that a criminal defendant has the right "to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." *Faretta v. California,* 422 U.S. 806, 819 n. 15, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *accord Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). It is also clear that "the impaneling of the jury is one such stage." *Tankleff v. Senkowski,* 135 F.3d 235, 246 (2d Cir.1998); *accord Gomez v. United States,* 490 U.S. 858, 873, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989); *see also* Fed.R.Crim.P. 43(a) (stating that the defendant shall be present "at every stage of the trial including the impaneling of the jury"). As the Supreme Court has recognized, however, the right to be present is not absolute: it is triggered only when the defendant's "presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." *Snyder v. Massachusetts,* 291 U.S. 97, 105–06, 54 S.Ct. 330, 78 L.Ed. 674 (1934). Thus, there is no constitutional right to be present "when presence would be useless, or the benefit but a shadow." *Id.* at 106–07, 54 S.Ct. 330; *see also United States v. Gagnon,* 470 U.S. 522, 526–27, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) (per curiam).

### A. *Pre–Screening*

The district court held that Cohen had a right to be present at the pre-screening of jurors, basing its holding on our decisions in *Tankleff,* 135 F.3d at 246–47, and *Unit-*

ed States v. Gallego, 191 F.3d 156, 171–72 (2d Cir.1999). In *Tankleff,* the court and counsel questioned 150 prospective jurors in chambers about their ability to be impartial in light of the media coverage the case had received. 135 F.3d at 246–47. Tankleff was not present for the questioning, and argued on appeal that his right to be present was violated by this pre-screening procedure. *Id.* Although we did not explicitly state in our decision that Tankleff had such a right, we assumed it when we analyzed whether Tankleff had waived the right and concluded that he had. *Id.* at 247. Similarly, in *Gallego,* we held that Martinez, the defendant-appellant, had waived his right to be present during individual *voir dire* in the judge's robing room, again assuming, but not deciding, that such a right existed. 191 F.3d at 171–72; *see also Cardinal v. Gorczyk,* 81 F.3d 18, 20 (2d Cir.1996) (finding that defendant waived his right to be present at individual *voir dire* conducted at the bench).

 We now hold explicitly what we implied in *Tankleff, Gallego,* and *Cardinal:* that pre-screening of prospective jurors is a material stage of trial at which the defendant has a constitutional right to be present. Pre-screening of a jury venire is not comparable to the brief conference between judge and juror in *Gagnon,* 470 U.S. at 527, 105 S.Ct. 1482, nor a procedure at which a defendant's presence would be "useless," as per *Snyder,* 291 U.S. at 106–07, 54 S.Ct. 330. Rather, the defendant's "life or liberty may depend upon the aid which, by his personal presence, he may give to counsel and to the court and triers, in the selection of jurors." *Lewis v. United States,* 146 U.S. 370, 373, 13 S.Ct. 136, 36 L.Ed. 1011 (1892). As the Supreme Court recognized in *Snyder,* it is in the defendant's "power, if present, to give advice or suggestion or even supersede his lawyers altogether" at *voir dire.* 291 U.S.

at 106, 54 S.Ct. 330. We therefore find that Cohen had a constitutional right to be present during the pre-screening conducted by the court in his case. Such substantive inquiry into juror qualification should, of course, be distinguished from an "administrative empanelment process," *Gomez v. United States*, 490 U.S. 858, 874, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), in which prospective jurors are permissibly questioned without the presence of the defendant on matters such as personal hardship in serving. *See United States v. Greer*, 285 F.3d 158, 167–68 (2d Cir.2002); *United States v. Williams*, 927 F.2d 95, 96–97 (2d Cir.1991).

### B. *Exercise of Juror Challenges*

■ The district court found that Cohen had no right to be present during the in-chambers exercise of four rounds of juror challenges. Noting that Cohen was represented by counsel at these sessions, that he was given an opportunity to consult with counsel before the sessions began, and that the challenges were later effectuated in open court, the district court held that Cohen was sufficiently present to satisfy the Constitution.

We agree. Many of our sister circuits have held that if a defendant is given an opportunity to register his opinions with counsel after juror questioning and is present when the exercise of strikes is given formal effect, then his constitutional right to be present is satisfied. *United States v. Fontenot*, 14 F.3d 1364, 1370 (9th Cir. 1994); *United States v. Gayles*, 1 F.3d 735, 738 (8th Cir.1993); *United States v. Bascaro*, 742 F.2d 1335, 1349–50 (11th Cir.1984); *cf. United States v. Washington*, 705 F.2d 489, 497 (D.C.Cir.1983) (finding that defendant has right to be present for juror questioning). Additionally, district courts within our Circuit have consistently held that a defendant's absence during the ex-

ercise of challenges does not violate his constitutional rights provided he is present for juror questioning and the formal reading of challenges in open court. *See, e.g., Evans v. Artuz*, 68 F.Supp.2d 188, 195 (E.D.N.Y.1999); *Benitez v. Senkowski*, 1998 WL 668079, at *8 (S.D.N.Y. Sept.17, 1998). As Judge Raggi said in *Evans:*

[The defendant] was able to view every potential juror as he or she answered voir dire questions in open court. He had the chance to consult with his attorney about challenges before the attorney retired with the court to the robing room. He was present when the court clerk excused certain jurors and seated others. In sum, his absence from the robing room during the formal exercise of challenges did not affect his ability to participate meaningfully in[ ]jury selection or otherwise frustrate the fairness of the proceedings against him.

68 F.Supp.2d at 195.

In *United States v. Crutcher*, 405 F.2d 239 (2d Cir.1968), we found that the right to be present during juror challenges served the purpose of preserving a defendant's "prerogative to challenge a juror simply on the basis of the 'sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks and gestures of another.'" *Id.* at 244 (quoting *Lewis*, 146 U.S. at 376, 13 S.Ct. 136). Cohen's rights in this respect were sufficiently preserved by his presence during the questioning of jurors, his opportunities to confer with counsel, and the formal announcement of the stricken and seated jurors in open court. We therefore hold that Cohen did not have a constitutional right to be present during the juror challenges conducted in Judge Tisch's chambers.

### II. *Waiver*

■ Having found that Cohen had a right to be present at the pre-screening of

jurors conducted by the trial court, we must now consider whether he waived that right. The district court, after rejecting Cohen's arguments that the state court had implicitly found that there was no waiver and that this finding must be presumed to be correct,[1] held that Cohen had waived his right to be present because neither he nor his counsel objected to his absence from the pre-screening. For the reasons discussed below, we agree with the district court's conclusion.

 "Although trial courts must vigorously safeguard a criminal defendant's right to be present, a defendant may expressly or effectively waive the right." *United States v. Fontanez,* 878 F.2d 33, 36 (2d Cir.1989); *Norde v. Keane,* —— F.3d ——, 2002 WL 483488, at *8 (2d Cir. March 29, 2002). The waiver of this constitutional right " 'must be both knowing and voluntary.' " *Fontanez,* 878 F.2d at 36 (quoting *United States v. Tortora,* 464 F.2d 1202, 1208 (2d Cir.1972) (internal quotations omitted)).

In this case, there is no doubt that Cohen did not expressly waive his right to be present at the pre-screening procedure. The issue remains, however, whether he knowingly and voluntarily made an implied waiver of the right through his conduct. *See Clark v. Stinson,* 214 F.3d 315, 323 (2d Cir.2000). Cohen argues that his voluntary absence from the pre-screening procedure does not establish waiver because he was unaware that he had a right to be present. Affidavits submitted by Cohen and his trial attorney attest that Cohen was not told by counsel of his right to attend the pre-screening, and it is not disputed that the trial court never informed him of this right. The trial judge did announce in open court his intention to conduct the pre-screening, and the record indicates that he noted at that time that he had had an opportunity to speak with counsel about the pre-screening procedure. The trial judge also described the nature of the procedure in open court on several occasions.

We have held that "only minimal knowledge on the part of the accused is required when waiver is implied from conduct." *United States v. Nichols,* 56 F.3d 403, 416 (2d Cir.1995) (citing *Taylor v. United States,* 414 U.S. 17, 19 & n. 3, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973) (per curiam)). The issue we confront, therefore, is whether the trial court's actions in open court gave Cohen sufficient "minimal" knowledge of the nature and purpose of the pre-screening procedure to conclude that he waived his right to be present when he did not attend. In the past, we have had the opportunity to address waiver in the context of the right to be present, and these cases serve to guide us in our inquiry here.

In *Tankleff,* we examined a factually similar case to Cohen's in which the defendant did not attend pre-screening of jurors in chambers by the trial judge and counsel. 135 F.3d at 246–47. Like Cohen, Tankleff did not object to the process and was present for the other parts of the *voir dire.* In deciding that Tankleff had waived his right to be present, we stated:

> Because the judge discussed the process in open court several times while Tankleff was present, it is reasonable to conclude that Tankleff knew what was going on. There is no indication that he or his lawyers were under the mistaken

---

1. The district court found that the trial court judge had not made an implied finding on the issue of waiver and, even if he had, the material facts necessary for such a finding were not adequately developed in the trial court or supported by the record, as required by *Smith v. Mann,* 173 F.3d 73, 76 (2d Cir.1999). We think the district court's analysis was correct with respect to this issue.

belief that he could not attend the *in camera* sessions. The far more likely explanation for his absence is that he and his lawyers did not think it was important for him to be present at this tedious, routine screening designed to eliminate jurors who had been prejudiced by pre-trial publicity. Under the circumstances, we think waiver may properly be inferred from the conduct of the defendant and his attorneys.

*Id.* at 247.

In *Gallego,* which also presented a factual scenario similar to the instant case, we reached the same conclusion as in *Tankleff:* that the defendant's failure to object to the court's proposal to question individual jurors in chambers constituted a waiver of his right to participate. 191 F.3d at 172. We rejected defendant Martinez's argument that his case was distinguishable from *Tankleff* "because he did not actually know, and was never specifically informed, that th[e] questioning would reach matters of possible bias and prejudice." *Id.* Looking at the record, we found that the trial judge's announcement of the nature of the questioning was sufficiently clear to allow a knowledgeable waiver. We also noted that even if Martinez did not understand the scope of the procedure, his attorney was present and actively involved throughout the questioning. *Id.* at 172–73 n. 9. We then said:

> We presume under these circumstances, which included two separate rounds of questioning with a break in between, that Martinez had an adequate opportunity to learn the full extent of the court's questioning, certainly before the jury was sworn. Nevertheless, Martinez raised no objection at any point, leaving the ... court with no opportunity to

address or "accommodate a meritorious claim in whole or in part." *Gagnon,* 470 U.S. at 529, 105 S.Ct. 1482, 84 L.Ed.2d 486. This underscores that Martinez was not genuinely concerned about his initial absence from the robing room and that he did knowingly waive his right to be present.

*Id.*

■■■ These two cases make clear that when a defendant is fully apprised of the nature of the pre-screening procedure, makes no objection to the procedure, and has counsel present for the duration of the pre-screening, a knowing waiver of the right to be present occurs. Additional cases lend further support for such a conclusion. For example, in *United States v. Rosario,* 111 F.3d 293 (2d Cir.1997), we held that the defendant had waived his right to be present when the judge asked him to leave the robing room while she questioned a juror and neither he nor his counsel made any objection. *Id.* at 299. In *Cardinal,* 81 F.3d at 20, we found that because the defendant had participated in *voir dire* at his first trial, he was aware of his right to be present for the *voir dire* proceedings and his failure to assert that right constituted its waiver.

Cohen attempts to differentiate his case from this strong and determinative precedent on the ground that a distinction should be made between awareness of the nature of the procedure, which he had, and awareness of the right to be present, which he did not. He cites *United States v. Canady,* in which we held that a waiver is knowing only if " 'shown to have been done with awareness of its consequences.' " 126 F.3d 352, 359 (2d Cir.1997) (quoting *United States v. Morgan,* 51 F.3d 1105, 1110 (2d Cir.1995)).[2] In *Canady,* however,

---

**2.** Cohen also relies on language in *Crutcher,* 405 F.2d at 243, which can be read to suggest

that waiver of a Rule 43 right requires awareness of the right. *Crutcher* was primarily

we found that the trial court failed to give Canady any notice of its intent to mail its verdict rather than announce it in open court; rather, its statements were "fully consistent with the notion that the district court would reconvene to announce its verdict." *Id.* Under such circumstances, Canady's failure to object could not be considered a waiver. *Id.* The "consequence" that Canady had to be aware of in order to waive his right, therefore, was the nature of the proceeding, not the abstract existence of the right itself.

Cohen also points to language in *Tankleff* in which we stated that "[t]here is no indication that he or his lawyers were under the mistaken belief that he could not attend the *in camera* sessions." 135 F.3d at 247. Cohen argues that, unlike Tankleff, he was under just such a mistaken belief, as attested to in his affidavit. We are unwilling to hold as a matter of law, however, that not knowing that one could attend is the same thing as believing that one could *not* attend. Cohen gave no indication at the time that he had any desire to attend the pre-screening, nor does his affidavit address whether he asked his attorney if he could. Indeed, the record is barren of any evidence that Cohen believed he was excluded from the pre-screening; it simply establishes that Cohen did not know one way or the other. We find that "[t]he trial judge did not purposefully exclude [Cohen] from the selection proceedings and ... could reasonably conclude that if [Cohen] was being deprived of any right, either he or his

counsel would have said so." *Cardinal,* 81 F.3d at 20; *see also Clark,* 214 F.3d at 324.

In sum, we see no reason to deviate from our holdings in *Tankleff* and *Gallego* to reach a different result here. Because Cohen was fully aware of the pre-screening procedure but did not object to it nor ask to attend, and because his counsel was present throughout, Cohen waived his right to be present for the procedure.

We have considered Cohen's other arguments and find them to be without merit.

### CONCLUSION

For the reasons stated above, we affirm the district court's denial of Cohen's petition for a writ of habeas corpus.

concerned with the fact that the record there gave no indication that the defendant, arrested in New Jersey, had consulted at all with his appointed lawyer in Connecticut, whose lack of objection was claimed by the prosecution to constitute waiver. In any event, to whatever extent *Crutcher* required knowledge of a Rule 43 right as a component of a valid

waiver, such a requirement has been abrogated by *Gagnon.* 470 U.S. at 529, 105 S.Ct. 1482 ("We ... held [in *Taylor v. United States,* 414 U.S. 17, 19–20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973)] that the defendant need not be expressly warned of rights under Rule 43."); *see also Taylor,* 414 U.S. at 19–20, 94 S.Ct. 194.