**Kent CAMERON, Petitioner–Appellant,**

v.

**Charles GREINER, Respondent–Appellee.**

**No. 03–2569.**

United States Court of Appeals, Second Circuit.

Jan. 11, 2005.

Randolph Z. Volkell, Merrick, NY, for Appellant.

Kimberly Morgan, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York, Michael Belohlavek, Deputy Solicitor General, Robin A. Forshaw, Assistant Solicitor General, on the brief), New York, NY, for Appellee.

PRESENT: WINTER, SOTOMAYOR, and B.D. PARKER, Circuit Judges.

Petitioner-appellant Kent Cameron appeals from a denial of a petition for a writ of habeas corpus under 28 U.S.C. § 2254, entered on August 21, 2003, in the United States District Court for the Eastern District of New York (Weinstein, J.). Cameron claims that his exclusion from sidebar conferences and *in camera* hearings during his state court trial deprived him of rights under the Sixth and Fourteenth Amendments, and that failure to preserve those claims resulted from ineffective assistance of counsel.

A jury in the Supreme Court of New York, Queens County, convicted Cameron of the criminal sale of narcotics following a buy-and-bust operation involving an undercover police officer. Without petitioner present, the trial judge conducted three *in camera* examinations of the undercover of-

ficer to assess whether it would admit evidence concerning the location on her person of her gun and her two radios, twice examining the officer at a hearing with all counsel present, and once without counsel. During one hearing, the court disclosed to counsel where the officer had hidden her gun, but instructed defense counsel not to reveal this information to his client lest disclosure compromise the safety of other undercover officers. The trial court conducted one additional sidebar with petitioner absent to discuss the admissibility of two pre-recorded bills taken from petitioner, where only one bill was vouchered. Defense counsel expressly declined to object to petitioner's exclusion from these four proceedings. The Appellate Division, Second Department affirmed the conviction without explicitly discussing the claims pressed in this petition, holding only that Cameron's "remaining claims" were "without merit." *People v. Cameron,* 254 A.D.2d 367, 367, 678 N.Y.S.2d 301 (2d Dep't 1998), *leave to appeal denied,* 92 N.Y.2d 1048, 685 N.Y.S.2d 426, 708 N.E.2d 183 (1999) (Ciparick, J.). On habeas review, Judge Weinstein denied the writ, holding that (1) the *in camera* proceedings were not material trial stages within the meaning of the Sixth Amendment and that any error was harmless, (2) that while counsel could not waive petitioner's Constitutional right to attend trial conferences, the error was harmless, and (3) that petitioner had failed to show how his trial counsel's performance was objectively deficient. Judge Weinstein issued a certificate of appealability with respect to petitioner's claims that he should have been present at the *in camera* hearings and sidebar, and that his counsel was ineffective for failing to object to those aspects of the court's proceedings from which he was excluded.

■ This Court reviews a district court's denial of a habeas petition under 28

U.S.C. § 2254 *de novo. Ortega v. Duncan,* 333 F.3d 102, 106 (2d Cir.2003). Because the Appellate Division evaluated the merits of Cameron's claim, the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies. *See Dallio v. Spitzer,* 343 F.3d 553, 559 (2d Cir.2003). A federal court may not grant a writ of habeas corpus under AEDPA "unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). When evaluating whether a Sixth Amendment violation has occurred by a defendant's exclusion from a trial proceeding, we "consider whether excluding the defendant from the hearing interferes with his opportunity for effective cross-examination." *Kentucky v. Stincer,* 482 U.S. 730, 740, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). A defendant has a Fourteenth Amendment right " 'to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.' " *Id.* at 745, 107 S.Ct. 2658 (quoting *Snyder v. Massachusetts,* 291 U.S. 97, 105–06, 54 S.Ct. 330, 78 L.Ed. 674 (1934)). That right extends to the degree " 'that a fair and just hearing would be thwarted by his absence.' " *Id.* (quoting *Snyder,* 291 U.S. at 108, 54 S.Ct. 330). There is no constitutional right to be present "when presence would be useless, or the benefit but a shadow." *Cohen v. Senkowski,* 290 F.3d 485, 489 (2d Cir.2002) (citations and quotation marks omitted).

■ With respect to the *in camera* hearings relating to the location of the undercover officer's gun, petitioner has not explained how his exclusion from the hearing precluded a meaningful opportunity for cross-examination of the undercover officer. It was never alleged that the under-

cover officer used her gun during the sting and defendant had a full opportunity to cross-examine her on the sting itself at trial. *Cf. Stincer*, 482 U.S. at 739–44, 107 S.Ct. 2658 (holding confrontation right not violated by exclusion of defendant from competency hearing of child witnesses, where defendant had opportunity for full and effective cross-examination at trial). Similarly, petitioner has failed to explain how these proceedings were critical to the outcome of his trial, and thus how the fairness of his trial was thwarted by his absence. *Cf. id.* at 745–47, 107 S.Ct. 2658 (concluding respondent's exclusion from witness competency hearing did not violate due process where respondent presented no evidence that his relationship with the witnesses or peculiar knowledge would have resulted in a more reliable determination of competency). Petitioner testified before Judge Weinstein that had he been present at these proceedings, he would have been able to tell counsel that this was not the undercover officer who had approached him. The officer's role in the bust, however, was not in dispute during the hearings about the gun's location. Accordingly, the hearings were not material trial proceedings and the right to be present was not triggered.

■ Furthermore, as the location of the gun was not material to the outcome of the trial, any error committed by the trial court in its instruction to defense counsel not to disclose the location of the gun to his client, therefore, did not have an injurious effect or influence in determining the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 638–39, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *United States v. Feliciano*, 223 F.3d 102, 111–12 (2d Cir.2000); *Yarborough v. Keane*, 101 F.3d 894, 898 (2d Cir.1996) (observing that "absence of the defendant from a peripheral proceed-ing of secondary importance is subject to harmless error review").

■ Petitioner also has not clarified how his presence at the sidebar regarding the admissibility of one of the prerecorded bills would have changed the outcome of the verdict. Any evidence suppressed following this sidebar would have been only one of the prerecorded bills taken from petitioner during the sting operation, and the relevant witness would still have been permitted to testify that he recovered the *other* vouchered prerecorded bill from petitioner. That evidence, coupled with additional evidence adduced at trial, would have been sufficient to convict petitioner.

■ Finally, petitioner has failed to satisfy the first prong of the *Strickland* test for ineffective assistance of counsel; we agree with the district court that counsel's performance was not objectively deficient. *See Strickland v. Washington*, 466 U.S. 668, 687–89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defense counsel objected to the trial court's holding precluding inquiry into the gun's location and continued to do so throughout the trial, and successfully moved to limit the arresting officer's testimony regarding the prerecorded buy money.

For the foregoing reasons, the district court's judgment denying the writ of habeas corpus is AFFIRMED.