Jerin **WILLIAMS,** Petitioner–Appellant,

v.

**Dora B. SCHRIRO;  et al.,**
**Respondents–Appellees.**

No.  07–16810.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2009.*

Filed April 21, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed.     R.App. P. 34(a)(2).

Marc J. Victor, Esquire, Chandler, AZ, for Petitioner–Appellant.

Jerin Williams, Florence, AZ, pro se.

Katia Mehu, Esquire, Arizona Attorney General's Office, Phoenix, AZ, for Respondents–Appellees.

Before: D.W. NELSON, BERZON and CLIFTON, Circuit Judges.

## MEMORANDUM **

Jerin W. Williams appeals the denial of his habeas corpus petition. His appeal raises one claim of ineffective assistance of counsel and two uncertified issues. We affirm.

Williams argues that his counsel provided him ineffective assistance by not securing his presence during the peremptory strikes phase of jury selection. He asserts that he was prejudiced because one of the members of his jury was a victim of sexual assault, and since he was charged with sexual assault, he would have stricken her. The state court conducted an evidentiary hearing on this claim. After listening to both Williams's and his trial counsel's testimony, the court denied it. In doing so, the court identified the correct legal standard and reasonably applied it to the facts of this case. 28 U.S.C. § 2254(d).

Specifically, the state court found that Williams's counsel's performance did not fall below prevailing professional norms because Williams never communicated his desire to be present for the peremptory strikes. Williams does not challenge this factual finding. As such, it is presumed to be correct. 28 U.S.C. § 2254(e)(1). Moreover, at his state evidentiary hearing Williams testified that he was present at voir dire, had an opportunity to discuss the composition of the jury with his attorney, and provided his attorney with a list of potential jurors to consider striking. In light of this testimony, as well as the strength of the eye witness testimony against him at trial, Williams was not prejudiced by his attorney's decision to waive his presence during the exercise of peremptory challenges. *See United States v. Fontenot,* 14 F.3d 1364, 1370 (9th Cir. 1994); *Cohen v. Senkowski,* 290 F.3d 485, 490 (2d Cir.2002); *State v. Dann,* 205 Ariz. 557, 74 P.3d 231, 248–49 (2003).

Williams also raises two uncertified issues. To broaden the certificate of appealability, Williams needs to show that " 'the issues [he is raising] are debatable among jurists of reason; that the court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.' " *Mendez v. Knowles,* 556 F.3d 757, 770–71 (9th Cir.2009) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), *superseded on other grounds by* 28 U.S.C. § 2253(c)(2)) (alterations omitted). Because Williams's uncertified issues clearly lack merit, we decline to broaden the certificate of appealability

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to include them. *See Mendez,* 556 F.3d at 771.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.