NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2423
_____

UNITED STATES OF AMERICA

v.

DENNIS HICKS,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 2-07-cr-00083-001)
District Judge: Hon. James T. Giles
Argued: November 8, 2010


Before: McKEE, *Chief Judge*, SLOVITER, and COWEN, *Circuit Judges*

RAYMOND J. RIGAT, ESQ. (Argued)
Two Penn Center Plaza, Suite 200
1500 JFK Blvd.
Philadelphia, PA 19102-1706

*Attorney for Appellant*

ZANE DAVID MEMEGER
United States Attorney
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals
BERNADETTE MCKEON (Argued)
MELANIE B. WILMOTH
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

*Attorneys for Appellee*


OPINION

McKEE, *Chief Judge*.

Dennis Hicks appeals the district court's judgment of conviction and sentence. For the reasons that follow, we will affirm .

We write primarily for the parties and therefore will only set forth those facts that are helpful to our brief discussion of the issues.[1] Hicks argues that the district court erred in denying his motion to suppress evidence found in his car, and that the district court erred in requiring that he be shackled if he chose to observe the selection of jurors for the venire. We can quickly dispose of the first issue, as we find that the district court properly denied the motion to suppress.

The testimony introduced at the suppression hearing clearly established that the police acted appropriately in initially detaining Hicks for an investigative stop pursuant to *Terry v. Ohio,* 392 U.S. 1 (1968). Once the officers saw the empty holster on Hicks' waistband, they acted reasonably in removing Hicks from the car and searching the passenger compartment for weapons. *See Carroll v. United States,* 267 U.S. 132 (1925), and *New York v. Belton,* 453 U.S. 454 (1981).

Our concern lies with the second issue – whether the district court committed plain error by requiring Hicks to be shackled if he chose to attend the mechanical selection of

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. An objection that a defendant fails to preserve at trial is reviewed for plain error. *United States v. Couch*, 291 F.3d 251, 252-53 (3d Cir. 2002).

the persons who would thereafter undergo *voir dire* selection of jurors. Hicks contends that his inability to attend without being shackled violated his constitutional right to be present during all stages of the proceedings.

A criminal defendant has a constitutional right "to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." *Faretta v. California*, 422 U.S. 806, 819 n.15 (1975). This includes a right to be present for the selection of jurors. *See Gomez v. United States*, 490 U.S. 858, 873 (1989). However, there is no constitutional right to be present where the defendant's presence "would be useless, or the benefit but a shadow." *Snyder v. Massachusetts*, 291 U.S. 97, 106-07 (1934).

It is uncontested that the procedure involved here does not involve *voir dire* or any other interaction with prospective jurors. Rather, it was represented to us at oral argument, without contradiction, that the process involves nothing more than the technological equivalent of drawing names from a hat. Although we have not previously considered whether a defendant has a constitutional right to attend this initial administrative process, other courts have. In *United States v. Bordallo*, 857 F.2d 519, 523 (9th Cir. 1988), the Court of Appeals for the Ninth Circuit commented that the defendant's right to be present "does not mean . . . that the judge of a court cannot organize his court and qualify his prospective jurors generally, without bringing into court for such a proceeding each and every defendant who may be tried during the entire term."

Similarly, the Court of Appeals for the Second Circuit has held that "routine administrative procedures relating to jury selection are not part of the true jury empanelment process in which parties and counsel have a right to participate." *United States v. Greer*, 285 F.3d 158, 167 (2d Cir. 2002); *see also Cohen v. Senkowski*, 290 F.3d 485, 490 (2d Cir. 2002) (distinguishing the right of a defendant to attend a jury selection panel where there would be substantive questioning from an "administrative empanelment process" where jurors would be asked questions about personal hardship in serving). We agree.

Hicks' presence at this preliminary stage could not in any way have affected the proceedings or impacted the selection of the jury. Accordingly, he had no constitutional right to be there. Because Hicks had no constitutional right to be present when names were selected, his absence did not violate his due process rights.

Although we must reject Hicks' claim of a constitutional deprivation, we are nevertheless troubled that the district court never explained why Hicks needed to be shackled, and it does not appear that the court considered other alternatives that would have allowed him to be present without being shackled.

Although this case does not involve shackling a defendant during a trial, we nevertheless note that it is well settled that "no person should be tried while shackled . . . except as a last resort." *Illinois v. Allen*, 397 U.S. 337, 344 (1970). The Supreme Court has explained that shackling a defendant is inherently prejudicial because it implicates three fundamental principles: (1) the presumption of innocence; (2) the right to counsel, including the right to participate in one's defense and the right to testify; and (3) judicial

responsibility for the dignity and decorum that preserves the judicial process. *Deck v. Missouri*, 544 U.S. 622, 630-31 (2005). Although the first two concerns are not implicated here, we cannot ignore that shackling even at this early administrative step does implicate the "judicial responsibility for the dignity and decorum that preserves the judicial process[,]" as explained in *Deck*.

Accordingly, a judge who orders a defendant to be shackled "must make a case specific and individualized assessment" of the defendant on trial, taking into account special security needs or the escape risk of the defendant. *United States v. Baker*, 432 F.3d 1189, 1244 (11th Cir. 2005). A judge should also consider alternatives to shackling. *See Allen*, 397 U.S. at 344; *see also Szuchon v. Lehman*, 273 F.3d 299, 314 (3d Cir. 2001) (holding that the trial court properly ordered that the defendant be shackled after he violently assaulted a witness in front of the jury and after carefully considering alternatives, such as "barring [the defendant] from the courtroom or issuing a contempt citation").

Here, the district court never explained why the use of shackles was necessary, nor did it consider alternatives to shackling. Although the Assistant United States Attorney did attempt to explain the necessity of shackling during this phase of the proceedings at oral argument, there is nothing on the record to suggest that the district court considered and rejected any steps that may have been less intrusive and less dehumanizing that would still have addressed any concerns about security.

The government contends that the reasons for conditioning Hicks' presence upon his being shackled are "obvious" – namely, that the selection of the jury panel occurred in

the jury room and not in a secured courtroom, and Hicks would be in proximity of hundreds of potential jurors, making shackles necessary for safety reasons and in order to prevent escape. The government also points out that Hicks' counsel did not object to the district court's directive that Hicks be shackled if he chose to observe the selection of jurors' names.

However, the government's representations are a poor substitute for a record that would show that this Hobson's choice was only tendered as a "last resort." *Allen*, 397 U.S. at 344.

Nevertheless, notwithstanding our misgivings, it is clear that there was no plain error here because Hicks did not have a constitutional right to be present at this phase of the proceedings in the first place. Accordingly, given the circumstances here, our concerns do not rise to the level of a due process violation, and we will therefore affirm the district court's order of judgment of conviction and sentence.