19-133-cr
*U.S. v. Beqiraj*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of December, two thousand nineteen.

PRESENT:   JOSÉ A. CABRANES,
           RAYMOND J. LOHIER JR.,
                     *Circuit Judges,*
           CHRISTINA REISS
                     *District Judge.*[*]

UNITED STATES OF AMERICA,

                     *Appellee,*                    19-133-cr

                     v.

FRANKIE BEQIRAJ,

                     *Defendant-Appellant,*

FABRICE DIAZ,

                     *Defendant.*

---

[*] Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

1

FOR APPELLEE:                                    David Denton, Elizabeth Hanft, Anna M.
                                                 Skotko, *for* Geoffrey S. Berman, United
                                                 States Attorney for the Southern District
                                                 of New York, New York, NY.


FOR DEFENDANT-APPELLANT:                          Beverly Van Ness, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Defendant-Appellant, Frankie Beqiraj ("Defendant"), appeals from a December 28, 2018 judgment of conviction following a trial before Judge Berman and a jury. Superseding Indictment S1 17 Cr. 315 (RMB) charged Defendant, in one count, with participating in a narcotics conspiracy to distribute heroin and other narcotics, in violation of 21 U.S.C. § 846. The indictment also alleged that heroin distributed by the conspiracy caused the deaths of Robert Vivolo ("Vivolo") and Leonides Madrid ("Madrid"). Defendant was convicted by the jury. The jury found in a special interrogatory that Defendant was guilty of conspiring to distribute and possess with intent to distribute at least 100 grams of heroin but less than one kilogram of heroin, and that such conspiracy resulted in Vivolo's death. The jury did not hold Defendant liable for Madrid's death. Judge Berman sentenced Defendant to 300 months' imprisonment, a sentence he is currently serving. On appeal, Defendant challenges the sufficiency of the evidence of his conviction. He also argues that his constitutional right to be present was violated when the parties exercised their peremptory juror challenges in Judge Berman's robing room, without Defendant present. We otherwise assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We find all of Defendant's arguments without merit and affirm the judgment of the District Court.

## I.

Defendant argues there was insufficient evidence to support his conviction. Specifically, he challenges the sufficiency of the evidence supporting the conclusion that the conspiracy caused the death of Vivolo. We find no merit in this argument.

"We review sufficiency of evidence challenges *de novo*, but defendants face a heavy burden, as the standard of review is exceedingly deferential." *United States v. Baker*, 899 F.3d 123, 129 (2d Cir. 2018) (internal quotation marks omitted). "We must view the evidence in the light most favorable to the [G]overnment, crediting every inference that could have been drawn in the [G]overnment's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight

2

of the evidence." *Id.* (internal quotation marks and brackets omitted). "[W]e will sustain the jury's verdict if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted) (emphasis in original).

The Government offered substantial evidence at trial that Defendant's conspiracy caused Vivolo's death. This included testimony from a cooperating co-conspirator, Fabrice Diaz ("Diaz"). Diaz testified that on the morning after Vivolo's death, Defendant told Diaz during an in-person conversation between them that Defendant "had seen [Vivolo] the night before and he had given [Vivolo] two bags of heroin." Trial Transcript ("Tr.") at 231. Diaz further testified that Defendant repeated that admission on multiple separate occasions. *Id.* at 232. The Government also offered text messages from Vivolo's phone that corroborated Diaz's testimony. Government Exhibit 100A; Tr. at 414-426. These text messages indicated that Defendant had a drug-dealing relationship with Vivolo dating back to February 2016. Text messages from Vivolo's phone also show that on the night before Vivolo died—the night Defendant is alleged to have sold Vivolo two bags of heroin at Vivolo's home—Vivolo texted Defendant asking for drugs and indicating that he was on his porch and would see Defendant pull up to make the sale.

Defendant argues that Diaz's testimony could not be trusted and that the jury had found Diaz not credible with regard to other aspects of his testimony. Defense counsel at trial subjected Diaz to rigorous cross-examination. Defense counsel also attacked Diaz's credibility and alleged inconsistencies in summation. We must defer to the jury's credibility determinations of witnesses. *United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011). The jury was also permitted to believe some parts of Diaz's testimony and disregard others. *United States v. Norman*, 776 F.3d 67, 78 (2d Cir. 2015). Additionally, our deference to the jury's determination of witness credibility does not change simply because a witness testified pursuant to a government cooperation agreement. *United States v. Glenn*, 312 F.3d 58, 64 (2d Cir. 2002). Because we are required to "defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses," *United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010), and to view the evidence both in totality and in the light most favorable to the Government, we conclude that there was sufficient evidence to sustain the conviction under Count One.

## II.

Defendant also argues that he was deprived of his constitutional right to be present during an *in camera* session where the parties exercised their peremptory juror challenges, without Defendant present. The factual circumstances presented here are similar to those in *Cohen v. Senkowski*, 290 F.3d 485 (2d Cir. 2002). There we held that Cohen did not have a right to be present during the in-chambers exercise of juror challenges, where Cohen was "represented by counsel at these sessions, [ ] given an opportunity to consult with counsel before the sessions began, and [where] the challenges were later effectuated in open court." *Id.* at 490. Assuming *arguendo* that the

factual circumstances presented here are distinguishable and that Defendant did have a right to be present, we conclude that Defendant impliedly waived that right through his conduct.

"Although trial courts must vigorously safeguard a criminal defendant's right to be present, a defendant may expressly or effectively waive the right." *United States v. Fontanez,* 878 F.2d 33, 36 (2d Cir. 1989). Defendant's assertion that he neither knew he had a right to be present nor was instructed that he had a right to be present is not dispositive on the question of whether he waived the right. *Cohen,* 290 F.3d at 491-492. The trial court's actions in open court gave Defendant "sufficient minimal knowledge" of the nature and purpose of the peremptory challenge procedure. *Id.* at 491 (internal quotations omitted); *see* Tr. at 5-6, 121-122. Defendant was represented by counsel throughout the entire *voir dire* process. He was present for all other parts of the *voir dire*, including the impaneling of the final jury. At no point, however, did he raise the objection he makes now. Accordingly, we conclude that, under the circumstances presented here, Defendant waived his right to be present during the *in camera* juror challenges.

## CONCLUSION

We have reviewed all of the arguments raised by Defendant on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 28, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk